r 4055

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED

APR 2 – 2013

CHAMBERS OF
COLLEEN McMAHON

UNITED STATES OF AMERICA,

　　　Plaintiff,

　　　v.

ERICK ZAK,

　　　Defendant.

Case No. 7:2007-CR-01171

# MEMO ENDORSED

## MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM

NOW COMES the Defendant ERICK ZAK, appearing *pro se*, and respectfully motions

the Court to terminate the imposed term of supervised release pursuant to 18 U.S.C.

§3583(e)(1) and Fed R. Crim. P. 32.1(c)(2)(C).　No hearing is sought in this matter per

Fed R. Crim. P. 32.1(c)(2)(B).

　　　The Southern District of New York sentenced me on March 05, 2010 to a term

of 31 months of imprisonment (time already served) followed by 60 months of supervised

release. (CR 39).[1] This sentence came after I plead guilty to one count of Conspiracy to

Distribute more than Five Kilograms of Cocaine and Possession with Intent to Distribute

---

[1] "CR" followed by a number references the PACER docket entry number in this Court's record.

500 Grams and More of Cocaine.[2] My term of supervision began on my sentencing date: March 05, 2010.

18 U.S.C. § 3583(e)(1) states that after considering several factors expressed in 18 U.S.C. § 3553(a)[3] the Court may terminate a term of supervised release and discharge the defendant after serving one year of supervision if it is warranted by the conduct of the defendant and it is in the "interest of justice".[4]

Annotations to 18 U.S.C. detail "[t]he standards adopted by the Judicial Conference Committee on Criminal Law in March 2003 elaborate on the statutory criteria and recommend evaluation of nine specific factors when deciding whether to approve early termination of supervised release." United States v. Weintraub, 371 F.Supp.2nd 1645.[5]

Further, and most fundamental to this pleading, the 2011 amendments to the USSC Guidelines Manual adds commentary to §5D1.2 which specifically encourages courts to consider early termination of supervised release in "appropriate cases." The example given in this commentary regards a drug addict who completes substance abuse

---

[2] In violation of 21 U.S.C. §841(a)(1) & \(b)(1)(A), 21 U.S.C. §846, and 21 U.S.C. §812
[3] Specifically, the Court is to consider (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).
[4] Title 18 U.S.C.A. §3583(e)(1)
[5] From Probation Monograph 109, *Supervision of Federal Offenders*

treatment successfully and thereby reduces their risk to the community of reoffense.

I have thus far served over 36 months on supervision. My conduct since release personifies change, cooperation, and absolute compliance. All of the factors this Court must consider under § 3553(a) when deciding to terminate a term of supervised release early, in addition to those it may consider from Weintraub, *id.*, weigh in favor of early termination in my case. These statutory and policy factors are discussed below:

§§ 3553 Factors: I have now served over half of my term of supervision, I have paid my special assessment of $200 in full, I was not fined, and was not required to pay restitution.

I have no needs, educational, medical, or otherwise which could be facilitated from further supervision. I have no fines or restitution outstanding. Since my release, I have received no infractions or violations of supervision and have complied with every condition thereof. I have cooperated fully from day one with Pretrial Services, the United States Attorney's Office, Law Enforcement, the Bureau of Prisons and finally the United States Probation Office (USPO).

Policy Factors: The Sentencing Guidelines Manual is policy put forth by the USSC. Its new 2011 amendment that deals with supervised release specifically

encourages the Court to grant early termination of supervision to cases such as mine. I completed the Alchohol Abuse Program. I have additionally completed 18 months of substance abuse treatment since release from custody at my sentencing hearing.

Thus, to the extent of my ability to do so, I fully represent the example of an "appropriate case" found in the Sentencing Commission's new commentary. I comply with urinalysis testing as dictated by the USPO and have never tested positive for any illicit substance. In fact, with my newer, lower level of supervision I may no longer be subject to the Urinalysis Phase program at all.

I have been employed by Green Magic Cleaning as their Account Manager since August 20, 2012 making stable and reliable income. There I oversee cleaning crews of approximately 100 house-keepers for a chain of eight hotels within New York City. I have a very strong support structure which encourages my law-abiding life including my fiance and children who I support financially to the best of my ability.

Further evidence of my eligibility is this Court's confidence in my stability and rehabilitation. In 2012, this Court approved an international travel request I made to visit my Mother and other family in the Dominican Republic. While there I was unsupervised, and I returned safely without incident.

Finally, one of the most recent figures from the Administrative Office of the United States Courts estimates that it costs American taxpayers $328.20 per month per defendant for probationary supervision.[8] In my case, there are only marginal benefits that could be achieved over the next 23 months to justify such an expense.

## CONCLUSION

Considering the cost of supervision (nearly $7,549 at the current rate were I to serve my remaining supervision term), and based upon the reasons and factors discussed in this motion, I respectfully request that this Court terminate the remainder of my term of supervised release.

Respectfully submitted on this 29ᵗʰ day of MARCH , 2013

/s/

ERICK ZAK

*Pro Se* Defendant, Movant

---

[8] Administrative Office Of The United States Courts report: Cost of incarceration and supervision FY 2010.

## CERTIFICATE OF SERVICE
## FOR PRO SE DOCUMENTS

I, ERICK ZAK, do hereby certify that I have served a true and correct copy of the following document,

## MOTION TO TERMINATE DEFENDANT'S SUPERVISED RELEASE TERM

upon the court and the office of the United States Attorney:

US Attorney's Office
300 Quarropas Street
Third Floor
White Plains, NY 10601

Clerk of the US District Court
Charles L. Brieant, Jr. U.S. Courthouse
300 Quarropas Street
Room 820
White Plains, NY 10601-4150

by placing it in a sealed, postage prepaid envelope by United States Postal Mail

on the ___29th___ day of ___MARCH___, 2013.


ERICK ZAK
*Pro Se* Movant